WILLIAM A. MOORE v. MOSES HOBBS and ABRAM T. BUSH.

*Pleading—Complaint—Demurrer.*

1. A complaint (or declaration) which merely states a conclusion of law, and not the facts from which that conclusion is derived, is demurrable both at common law and under the C. C. P. ; *Hence,* a complaint which simply alleges that the defendant is indebted to the plaintiff and that the debt has not been paid, is subject to demurrer as not stating a sufficient cause of action.

2. If a declaration (or complaint) in debt be upon simple contract, the *consideration* must be set forth with the other facts. If it be upon a specialty, the specialty must be set forth and that imports a consideration.

CIVIL ACTION tried at Spring Term, 1878, of CHOWAN Superior Court, before *Furches, J.*

The plaintiff complains:—

1. That the defendants are indebted to him in the sum of

$488.70 at eight per cent interest per annum from the 1st day of December, 1875.

2. That no part of said debt has been paid.

3. Therefore the plaintiff demands judgment against the defendants (for said sum) and costs.

The defendants demur:—

Because the facts stated in said complaint are insufficient to constitute a cause of action, in that, it does not contain a plain and concise statement of the facts constituting the plaintiff's cause of action.

The Court overruled the demurrer and offered to allow the defendants to answer, which they refused to do. Thereupon judgment was rendered upon the complaint in favor of the plaintiff for the sum demanded, and the defendants appealed.

*Messrs. Mullen & Moore* and *J. B. Batchelor*, for plaintiff. *Messrs. Gilliam & Gatling*, for defendants.

READE, J. " A declaration is a specification in a methodical and legal form of the circumstances which constitute the plaintiff's cause of action." 1 Chitty, Pl. 240. Observe, that it is not to state that there is a cause of action, but the " *circumstances* " which constitute the cause of action. " The general requisites or qualities of a declaration are, * * * Second, that it contain a statement of *all the facts* necessary in point of law to sustain the action, and no more ; third, that these circumstances be set forth with certainty and truth." 1 Chitty, Pl. 244. Observe again, that " *all the facts* are to be set forth. If a declaration in debt be upon *simple contract,* the *consideration* must be set forth with the other facts. If it be upon a *specialty*, the specialty must be set forth, and that imports a consideration. Chitty, Pl., 362, 363. The form of a declaration on *simple contract* is as follows : A B, the plaintiff in this suit * * * com-

plains of C D, the defendant, in this suit * * * for
that, whereas the defendant on—was indebted to the plain-
tiff in $— for the price and value of goods then sold and
delivered by the plaintiff to the defendant at his request,.
&c., or for the price and value of work then done, &c., or
for money lent, &c.   Arch. N. P., 297.   The form of a de-
claration on specialty is as follows :—A .B, the plaintiff, &c.,
complains, &c.   Whereas, the defendant, &c., by his cer-
tain writing obligatory sealed with his seal, and now shown
to the Court, &c., acknowledged himself to be held and
firmly bound unto the plaintiff in the sum of $—, &c.,.
Arch. N. P., 304.   A defect in the declaration appearing on
the face of it could be taken advantage of by demurrer.

It is plain therefore that under the former mode of plead-
ing, the declaration in this case is fatally defective.   It
states a *cause of action*, viz., indebtedness : but it states not
one single " *circumstance* " or " fact " constituting the cause.
But then it is said, " that all the forms of pleading hereto-
fore existing are abolished."   C. C. P., § 91.   True, but
still, *all form* is not abolished, for the same C. C. P., §§ 91,
92, prescribes, " that the complaint shall contain a plain
and concise statement of the facts constituting the cause of
action without unnecessary repetition, and each material
allegation shall be distinctly numbered."

Observe, that in the new, as in the old form, *the facts* con-
stituting the cause of action must be stated, with this addi-
tion in the new over the old, that each material fact shall
be separately numbered.   The object of the declaration in
the old forms was to inform the defendant fully as to the
facts, so that he might make his defence both by the proper
pleas and by proofs, and that the jury and the Court might
see what they had to try and to decide.   This was not a
matter of mere form, but of substance.   And there has been
no relaxation of the requisite in the new form, and no al-
teration from the old, except to require the greater particu-

larity of separately numbering every material fact. Why require them to be numbered if they are not required to be stated ?

There is not in this case a single fact stated to show whether the complaint is on a simple contract for goods sold and delivered, or for work and labor, or for money lent, or for any like matter, or whether it is upon a bond or other specialty, or whether it be not for some alleged tort. The fault in the complaint seems not to have been inadvertent, for we clearly intimated it when the case was before us heretofore, 77 N. C., 65, and suggested an amendment. When the case was before us heretofore it was upon the demurrer of the defendants, that the Court had no jurisdiction because of the non-residence of the parties. But the fact not appearing upon the face of the complaint, the demurrer was overruled and judgment given below for the plaintiff. We held that there was no error in overruling the demurrer, but that there was error in giving judgment for the plaintiff, because upon overruling a demurrer, the judgment is not for the plaintiff, but *respondeat ouster*. So that we sent the case back with directions to allow the defendants to answer, if they would, and if not, there would be judgment for the plaintiff, as for want of an answer. But then we called attention to what might be held to be a defect in the complaint which had not been pointed out by the defendants, but which might nevertheless prevent a judgment for the plaintiff, viz., that no facts sufficient to constitute a cause of action were stated in the complaint, and we suggested that if so, it could be remedied by an amendment, with leave. And now the case is before us upon demurrer to that fault in the complaint which we then suggested, but which was not formally before us for decision. In sustaining the demurrer as we now do, the ordinary course would be to reverse the judgment below which was for the plaintiff, and give judgment here for defendants ;

but that might work a hardship upon the plaintiff, as that might defeat his right altogether, if he has one, and as we think His Honor must have been misled by what we said in the case before, viz., that if the defendant refused to answer, then there would be judgment for the plaintiff, we will not give the defendant a judgment here now except for the costs; and will remand the case to the end that the plaintiff may move to amend, if so advised, and if leave be had and the amendment made, then the case shall proceed as if upon the first filing of the complaint, with leave to the defendants to plead or demur as they may be advised. If the plaintiff shall not amend, then judgment will be entered below for the defendants as upon a demurrer sustained.

Reversed and remanded; the plaintiff to pay, and the defendants to recover costs in this Court.

PER CURIAM.                        Judgment accordingly.