GRESHAM MANUFACTURING COMPANY ET AL. v. CARTHAGE
BUGGY COMPANY.

(Filed 25 May, 1910.)

**Corporations — Contract — Informalities —Ratification—Receivers—
Vendor's Lien—Status.**

Among goods taken over by the receiver of an insolvent cor-
poration were those acquired by the corporation under an offer
to buy upon condition that title remain in the vendor until-the
purchase money had been paid: *Held,* any informalities in the
corporation's signature, or in the absence of the seal to the con-
tract, were waived by the acceptance of the goods by the cor-
poration; and the receiver, in taking them over, was bound by
the conditions creating the vendor's lien. The lower court being
overruled in this case, it is suggested that a sale of the cor-
porate property be made by the receiver, and that the proceeds
be distributed in accordance with the principles declared.

APPEAL by plaintiffs from *Lyon, J.,* at January Term, 1910,
of MOORE.

The facts are sufficiently stated in the opinion of the Court.

*Aycock & Winston* and *Cox & Cox* for plaintiff.
*H. F. Seawell* and *U. L. Spence* for defendant.

WALKER, J. This action was brought by R. W. Pleasants
and others, creditors of the Carthage Buggy Company, to re-
cover judgment on their several claims against the Buggy Com-
pany, which they alleged to be insolvent, and to wind up and
settle its affairs, the Buggy Company having been duly incor-
porated under the laws of this State. C. S. Brewer was ap-
pointed receiver of the assets of the Buggy Company, and
afterwards the Gresham Manufacturing Company intervened
in the cause and alleged that it had contracted to sell to the
Buggy Company certain articles of personal property which
are described in the pleadings, and that the Buggy Company
was indebted to it at the time of the intervention in the sum
of $1,725. It also alleged that, at the time of the sale, it had
retained the title to the said goods so sold by it to the Buggy
Company, the contract between the two companies having been
reduced to writing and executed on behalf of the Buggy Com-
pany by its secretary and treasurer, and on behalf of the Manu-
facturing Company by E. W. Becky. Execution of the contract
was proven before a justice of the peace as to the Carthage
Buggy Company, by Charles A. Jones, its secretary and treas-
urer, and purported to have been executed by authority of the
board of directors. The plaintiffs in the action claimed that

the receiver acquired title to the property and held the same for the payment of the general debts of the corporation, and that the Manufacturing Company had no prior lien or right thereto by virtue of the contract of sale and the registration of the same. The issues submitted to the jury, with their answers thereto, were as follows:

1. In what sum is the Carthage Buggy Company indebted to the Gresham Manufacturing Company? Answer: $1,496.86, with interest from 8 November, 1908.

2. Is the Gresham Manufacturing Company, at this time, entitled to a lien on the materials mentioned in the complaint in preference to all other creditors of the Carthage Buggy Company and the receiver of the Carthage Buggy Company? Answer: No.

3. Is the Gresham Manufacturing Company, at this time, entitled to a lien on the materials described in the complaint as against the Carthage Buggy Company? Answer: Yes.

There was evidence tending to support the contentions of the parties as above stated. The court charged the jury that if they believed the evidence, they would find, in answer to the first issue, that the Buggy Company was indebted to the Gresham Manufacturing Company in the sum of $1,496.86, with interest from 8 November, 1908. This issue was answered by consent of the parties. The court further charged the jury that if they believed the evidence, they should answer the second issue "No." To this instruction the Gresham Manufacturing Company excepted. As to the third issue, the court charged the jury that if they believed the evidence, they would answer that issue "Yes." The court refused to adjudge that the Gresham Manufacturing Company was entitled to a lien on the property which it had contracted to sell to the Buggy Company, but adjudged that the Buggy Company was indebted to the Gresham Manufacturing Company in the sum of $1,496.86, and that the latter was entitled to a lien on the property sold by it to the Buggy Company, as between it and the said Buggy Company, and further adjudged that the debt due by the Buggy Company to the Manufacturing Company should be paid by the receiver *pro rata* with the other debts due by the Buggy Company, out of the proceeds of the sale of said property, upon which the Manufacturing Company claimed a lien. The court also directed the property to be sold and the proceeds of sale to be held by the receiver for the purpose of distribution under its order, and further adjudged that certain costs of the action should be paid by the Gresham Manufacturing Company to the other creditors, and that the Manu-

facturing Company should recover its costs against the Buggy Company, to be taxed by the clerk and to be paid by the receiver after all the debts of the Buggy Company shall be satisfied out of the proceeds of the sale of the property. The Gresham Manufacturing Company excepted to the said judgment and appealed to this Court.

We think the court erred in its charge to the jury upon the second issue. This case is governed by *Mershon v. Morris,* 148 N. C., 48. The paper-writing upon which the Gresham Manufacturing Company relied as creating a lien upon the property was nothing more than an offer by the Buggy Company to buy the goods and an agreement by the Manufacturing Company to sell the same, upon condition that the title should remain in the seller until the purchase money had been paid. As said in that case by *Justice Connor:* "The contract was simply an order for a machine, with the terms or proposition to purchase set out, among others, that the title to the property was to remain in the vendor until paid for. It would be a singular result if the corporation or its receiver could retain the property thus coming into its possession without paying for it, and repudiate so much of the president's proposition as secured to the vendor payment of the purchase money because he did not put the corporate seal to the proposition to buy. If he had no authority to make the contract, or did not observe the form prescribed in doing so, no title passed to the corporation. By ratifying his act and taking the property, it waived any informality, if there was any, in the form of making the contract. It is immaterial whether the paper was recorded. The receiver takes whatever title the corporation had, and nothing more. In no point of view is there any error in his Honor's judgment."

The case of *Duke v. Markham,* 105 N. C., 131, which was cited by the plaintiffs, has no application to the facts of this case. There the officers of the company, without having had a sufficient corporate meeting for the purpose, and without having any authority so to do, executed a mortgage upon the company's property, while in our case, if the officer did not have the power to execute the instrument, no title passed to the Buggy Company, and consequently none to its receiver. If by receiving the goods, the Buggy Company ratified the act of the officer in executing the contract, it was bound by its provisions in every respect, including the reservation of title to the Gresham Manufacturing Company until the purchase money had been paid.

The error committed by the court, as above indicated, entitles the Gresham Manufacturing Company to a new trial; but if

the parties see fit to do so, they can have a sale of the property by the order of the court, and a distribution of the proceeds, according to the principles declared in this opinion. The judgment as to the costs will also be modified in accordance with our view of the case.

New trial.