NORTH CAROLINA MORTGAGE CORPORATION v. CHARLES L. MORGAN.

(Filed 20 November, 1935.)

**1. Corporations G h—Ordinarily corporation is not required to use its seal when individual is not required to use his seal.**

Unless its charter or some statute provides otherwise, a corporation need not use its corporate seal except when an individual is required to use his seal, and a corporation may appoint agents or make contracts by resolution or by writing, signed by a duly authorized officer, without using its corporate seal.

**2. Same: Mortgages C f—Corporate seal is not necessary to appointment of substitute trustee by corporate cestui que trust.**

The appointment of a substitute trustee by a corporate *cestui que trust* by a paper-writing signed by its duly authorized officer is valid without the corporate seal, and when the substitution is made in conformity with the provisions of the deed of trust and the statute, N. C. Code, 2583 (a), sale of the property by the substitute trustee in accordance with the terms of the instrument is valid, the appointment of a substitute trustee not being a conveyance of any interest in land.

DEVIN, J., took no part in the consideration or decision of this case.

APPEAL by defendant from *Pless, J.,* at March Term, 1935, of GASTON. Affirmed.

This is a controversy without action. C. S., 626. The facts on which the question of law involved in the controversy arises are as follows:

1. On 1 May, 1929, R. O. Brackett and his wife executed a deed of trust by which they conveyed to the First National Bank of Durham, N. C., as trustee, the lands described therein to secure the payment of their long term first mortgage note for $2,000, and their eight short term first mortgage notes, aggregating the sum of $240, said notes being described in said deed of trust.

The deed of trust was duly recorded in the office of the register of deeds of Gaston County, North Carolina, and contains a clause conferring upon the trustee therein named power to sell and convey the land conveyed by said deed of trust, upon default in the payment of said notes according to their tenor. It also contains a clause providing as follows:

"3. Should the trustee resign or a vacancy occur, then those who are entitled to sixty (60) per cent in value of the long term first mortgage note are entitled and empowered, with the consent of those who are entitled to sixty (60) per cent in value of the short term mortgage notes, to appoint in writing another, or, if desirable or necessary, two other trustees in the place and stead of the one herein named, which said

trustee or trustees shall have all the power and authority, and be charged with all the duties conferred upon the trustee herein named."

2. Subsequent to the execution of said deed of trust, the General Assembly of North Carolina enacted chapter 78, Public Laws of North Carolina, 1931 (N. C. Code of 1935, section 2583 [a]), providing for the appointment in certain cases of a substitute trustee in deeds of trust to secure the payment of money.

3. On 18 January, 1932, the First National Bank of Durham, N. C., ceased to do business because of its insolvency, and is now in liquidation by a receiver appointed by the Comptroller of the Currency of the United States.

4. On 22 January, the North Carolina Mortgage Corporation was the holder and owner of the long term first mortgage note for $2,000, secured by said deed of trust, and the Union Trust Company of Maryland was the holder and owner of the eight short term first mortgage notes, aggregating the sum of $240.00, also secured by said deed of trust.

At said date the North Carolina Mortgage Corporation and the Union Trust Company of Maryland executed a paper-writing by which they appointed as substitute trustee in said deed of trust Jefferson E. Owens. The said paper-writing was executed in the name of the North Carolina Mortgage Corporation by its secretary, Kenneth F. Clark. The corporate seal of the said North Carolina Mortgage Corporation was affixed to said paper-writing. The said paper-writing was executed in the name of the Union Trust Company of Maryland by its authorized officer, Frederick P. Storm. The corporate seal of the Union Trust Company of Maryland was not affixed to said paper-writing. The due execution of said paper-writing by both the North Carolina Mortgage Corporation and the Union Trust Company of Maryland was proven before a notary public. The said paper-writing, together with the certificates of the notary public, and of the clerk of the Superior Court of Gaston County, was duly recorded in the office of the register of deeds of said county.

Thereafter, Jefferson E. Owens, as substitute trustee in said deed of trust, after fully complying with the provisions thereof, sold and conveyed the lands described therein to the plaintiff. The plaintiff now claims title to said lands under the deed executed by Jefferson E. Owens, substitute trustee, and duly recorded in the office of the register of deeds of Gaston County.

On 7 March, 1935, the plaintiff and the defendant entered into a contract by which the plaintiff agreed to sell and convey to the defendant the lands described in the said deed of trust, and the defendant agreed to pay to the plaintiff a certain sum of money as the purchase price for said lands upon the execution and delivery by the plaintiff to the defendant of a deed conveying the said lands to the defendant in fee simple, free and clear of all liens or encumbrances.

The defendant has declined to accept the deed tendered by the plaintiff and to pay the contract price for said lands, contending that the appointment of Jefferson E. Owens as substitute trustee in the deed of trust from R. O. Brackett and wife to the First National Bank of Durham, N. C., is invalid for that said appointment, although in writing, was not executed as required by law by the corporate holders and owners of the notes secured by said deed of trust.

The court was of opinion that the appointment in writing of Jefferson E. Owens as substitute trustee by the holders and owners of the notes secured by the deed of trust was valid in all respects, and rendered judgment accordingly. The defendant appealed to the Supreme Court, assigning error in the judgment.

*Fuller, Reade & Fuller and W. A. Devin, Jr., for plaintiff.*
*Bailey Patrick for defendant.*

CONNOR, J. It is agreed by the parties to this controversy that the paper-writing, appearing in the record as Exhibit A, was executed in the names of the corporate holders and owners of the notes secured by the deed of trust from R. O. Brackett and his wife to the First National Bank of Durham, N. C., trustee, by authorized officers of said corporation, and is sufficient in form as an appointment in writing by said holders and owners of Jefferson E. Owens as substitute trustee in said deed of trust, in the place and stead of the First National Bank of Durham, N. C., under the provisions of both the deed of trust and of the statute. The absence from said paper-writing of the corporate seal of the Union Trust Company of Maryland does not affect the validity of said paper-writing as an appointment by said trust company of the substitute trustee. The corporate seal of the North Carolina Mortgage Corporation, which appears on said paper-writing, was not necessary to its validity as an appointment by said corporation of the substitute trustee. The general·rule in this and other jurisdictions now is that unless its charter or some statute provides otherwise, a corporation need not use its corporate seal except when an individual is required to use his seal. A corporation may appoint agents, and act or make contracts by resolution or by writing signed by a duly authorized officer, without using its corporate seal, just as an individual may do. 14 C. J., 334, section 405 (2). See *Warren v. Bottling Co.,* 204 N. C., 288, 168 S. E., 226; *Mershon v. Morris,* 148 N. C., 48, 61 S. E., 647.

The paper-writing by which Jefferson E. Owens was appointed by the holders and owners of the notes secured by the deed of trust, substitute trustees, does not purport to be and is not a conveyance by said holders and owners of the land described in the deed of trust, or of any interest in said land. For this reason, the statutory requirements for

the execution by a corporation of a deed conveying land have no application to the execution of said paper-writing.

The provisions of the deed of trust and of the statute have been fully complied with in the appointment of the substitute trustee in this case. For that reason, the deed of said substitute trustee to the plaintiff as the purchaser at the sale made by him under the power of sale contained in the deed of trust, conveys to the plaintiff a fee-simple title to the land described in the deed of trust, free and clear of all liens or encumbrances. There is no error in the judgment. It is

Affirmed.

Devin, J., took no part in the consideration or decision of this case.