MRS. V. E. WOODLEY v. S. M. COMBS AND D. G. COMBS.

(Filed 14 October, 1936.)

**1. Pleadings A f—Recovery may not be defeated for failure of plaintiff to pray for relief to which facts alleged entitle him.**

Where plaintiff prays for relief to which he is not entitled upon the facts alleged, but the facts alleged are sufficient to entitle plaintiff to other relief, defendant's motion to nonsuit upon plaintiff's evidence tending to establish the facts alleged is improperly granted, since the court may grant the relief to which plaintiff is entitled upon the facts under the general prayer for such other and further relief as the facts entitle

him to, a party being entitled to recover judgment for any relief to which the facts alleged and proven entitle him, whether demanded in the prayer for judgment or not.

2. **Mortgages H h—Trustee held without power to foreclose upon application of only one of the two cestuis que trustent.**

The deeds of trust in question provided that upon default the trustee might advertise and sell the property "on application of V. E. W., S. M. C. (the *cestuis que trustent*) or assignee." *Held:* The provisions for the execution of a power of sale must be strictly complied with for the protection of all the parties to the instrument, and the instrument does not authorize the trustee to advertise and sell the property on the sole application of one *cestui que trust* without the consent of the other *cestui que trust.*

3. **Mortgages H p—Complaint held to allege cause of action in favor of one cestui to upset foreclosure had on sole application of other cestui.**

The deed of trust in question authorized the trustee to advertise and foreclose the property upon the joint application of both the *cestuis que trustent.* Plaintiff *cestui* brought this suit, alleging that the trustee's foreclosure of the property upon the sole application of the other *cestui* was without the consent of plaintiff, that the bid at the sale was transferred to such other *cestui*, and that he became the owner of the lands at a price greatly less than the amount of the debt secured by the instrument, and introduced evidence sustaining the allegations. Plaintiff prayed judgment for the amount of the notes held by her which were secured by the deed of trust, but filed an amended complaint stating that she did not ratify the foreclosure sale but had not prayed that it be set aside because she was informed and believed that her only practical and available remedy was to demand one-half the value of the land bought in by the other *cestui*. *Held:* It was error for the court to grant defendant *cestui's* motion to nonsuit because plaintiff is not entitled to the relief demanded, since upon the allegations and evidence plaintiff is entitled to have the foreclosure set aside for failure of the trustee to observe the provisions of the power of sale.

APPEAL by plaintiff from *Small, J.,* at April Term, 1936, of TYRRELL. Reversed.

The complaint of plaintiff, in part, is as follows:

"That heretofore, on 1 December, 1931, one Walter Holloway and wife, of said county and State, made and executed a deed of trust to the defendant D. G. Combs, trustee, to secure twenty negotiable promissory notes, each in the sum of $100.00, payable to plaintiff and defendant S. M. Combs, the interest of the .said *cestuis que trustent* being equal and each holding ten of the said notes, the first two being due and payable one year after date, to wit, 1 December, 1932, and two thereafter, one year after date, until and including 1941; the said deed of trust containing the following clause as the only one determinative and having direct reference to the power of the said trustee to make sale of the said

lands, to wit, 'If the said Walter Holloway and wife shall fail or neglect to pay interest on said bonds as the same may hereafter become due, or both principal and interest at the maturity of the bonds, or any part of either, *then on application of said V. E. Woodley, S. M. Combs, or assignee,' or any other person, who may be entitled to the moneys due thereon, it shall be lawful for and the duty of the said D. G. Combs to advertise,'* etc.

"That on 21 December, 1931, T. F. Brickhouse and wife made and executed deed of trust to defendant D. G. Combs, trustee, to secure a debt of $500.00 to V. E. Woodley and S. M. Combs, executing twenty notes in the sum of $25.00 each, the first two payable 1 July, 1932, sixteen other notes in the sum of $25.00 each due on 1 January and July of the years 1933, 1934, 1935, and 1936, and two notes in the sum of $25.00 each due 1 January, 1937, payable semiannually, with the provision, as to the powers of said trustee, that '. . . on application of said V. E. Woodley and S. M. Combs or assignee, or any other person who may be entitled to the moneys due thereon, it shall be lawful for and the duty of the said D. G. Combs, to advertise,' etc."

The "Brickhouse tract" was sold by D. G. Combs, trustee, on Tuesday, 6 December, 1932, at 12 o'clock noon, at the courthouse in Columbia, N. C. A. W. Brickhouse was the last and highest bidder at the price of $150.00, and transferred his bid to defendant S. M. Combs. Report to the clerk was duly made and confirmed and deed executed. The other tract ("Holloway tract") was sold by D. G. Combs, trustee, on Monday, 2 January, 1933, at 12 o'clock noon, at the courthouse in Columbia, N. C., and defendant S. M. Combs became the last and highest bidder at the price of $500.00. Report to the clerk was duly made and confirmed and deed executed.

The plaintiff alleges: "9. That it would be inequitable and unlawful for the said S. M. Combs to control the trustee, who was under his control, and direction, in her absence and without her knowledge, and thereby gain an undue advantage of her, and notwithstanding the wrong of the defendants in making said sale without her knowledge, and without her participation in the request to the trustee and her inability well known to the defendants to attend the sale, she hereby waives the said wrong and calls upon the defendant S. M. Combs as the pretended purchaser of the said land, who now holds the title to the same, to pay her $1,250, representing her one-half interest in the true value of the said lands. Wherefore, she prays that she recover of the defendant S. M. Combs the sum of $1,250, and interest, and the cost of this action, and for such rights at law and equity as the allegations of this complaint may entitle her to, and for costs and for general relief."

The following amendment was allowed by the court below: "Amend section 9 of the complaint by adding thereto the following: But in alleging that she waives the said wrong does not intend to say that the sale is in any respect ratified, but being unable to ascertain that she would be able to conduct a resale or to control the trustee and cause him to resell, and being without remedy to recover her rights to have and receive one-half the value of the notes secured, she alleges that she is informed and believes that her only practical and available means of recovering same is to call upon the defendant S. M. Combs to pay her one-half the value of the land to which he asserts title by such sale and purchase by him, which amount she alleges to be not less than $1,250."

At the close of plaintiff's evidence and at the close of all the evidence, the defendants in the court below made motions for judgment as in case of nonsuit. C. S., 567. The court below, at the close of all the evidence, rendered judgment as of nonsuit against the plaintiff. The plaintiff excepted, assigned error, and appealed to the Supreme Court.

*S. S. Woodley and H. S. Ward for plaintiff.*
*J. C. Meekins, Jr., and McMullan & McMullan for defendants.*

CLARKSON, J. The defendants contend that plaintiff is suing for $1,250—one-half of the principal of the notes in controversy, which she owned but has elected to ratify the sale, and by so doing she can recover only her part of what the sale brought, and this amount has been placed in the clerk's office for her. Therefore, the judgment of nonsuit is correct. But the amendment goes further and says: "But in alleging that she waives the said wrong, does not intend to say that the sale is in any respect ratified," etc. In plaintiff's prayer she says: "And for such rights at law and equity as the allegations of this complaint may entitle her to and for costs and for general relief." We think, under the allegations of the complaint, she is entitled to relief, that the conveyances must be set aside, as the trustee, under the clear language of the deeds of trust, had no right to sell without plaintiff making application, or her assignee, or any person entitled to the money due thereon. There is no evidence that the terms of the deed of trust were complied with in this respect or that there was a ratification.

It is well settled that a complaint will be liberally construed so as to do substantial justice, and will be sustained when, from its general scope it appears that the plaintiff has a cause of action, although not stated with technical accuracy. It is also well settled that a party can recover judgment for any relief to which the facts alleged and proven entitle him, whether demanded in the prayer for judgment or not. *McNeill v. Hodges,* 105 N. C., 52; *Hendon v. North Carolina R. Co.,*

127 N. C., 110. The facts set forth in the complaint, and not the prayer, ordinarily determine the basis of plaintiff's relief.

The deeds of trust provide: "If the said Walter Holloway and wife shall fail or neglect to pay interest on said bonds as the same may hereafter become due, or both principal and interest, at the maturity of the bonds, or any part of either, *then on application of said V. E. Woodley, S. M. Combs, or assignee, or any other person, who may be entitled to the moneys due thereon, it shall be lawful for and the duty of the said D. G. Combs to advertise,"* etc.

On the entire record there is no evidence that plaintiff, or any assignee, or any other person who may be entitled to the moneys due thereon, made application to defendant D. G. Combs, trustee, to sell the lands. The provision is important and material and put in, no doubt, to protect plaintiff from the very thing which happened.

"The courts look with jealousy on the power of sale contained in mortgages and deeds of trust, and the provisions are strictly construed." *Alexander v. Boyd,* 204 N. C., 103 (108).

In *Ins. Co. v. Lassiter,* 209 N. C., 156 (159), it is said: "The trustee in a deed of trust is usually selected to act for both the owner and holder of the indebtedness. As trustee he acts in a dual capacity to carry out the provisions of the deed of trust. . . . All parties of a trust deed are entitled to have the power of sale carried out as written. *Mitchell v. Shuford,* 200 N. C., 321. Power of sale in mortgages or deeds of trust is strictly construed. *Alexander v. Boyd, supra; N. C. Mortgage Corp. v. Morgan,* 208 N. C., 743."

For the reasons given, the judgment of the court below is

Reversed.