THE LIFE INSURANCE COMPANY OF VIRGINIA v. FRED I. SMATHERS AND ROSAMOND L. SMATHERS, AND WACHOVIA BANK AND TRUST COMPANY, TRUSTEE.

(Filed 17 March, 1937.)

1. Pleadings § 29—

Ordinarily, irrelevant or redundant matter inserted in a pleading may be stricken out on motion of any party aggrieved thereby, but the question is largely in the sound discretion of the trial court. N. C. Code, 537.

2. Same: Mortgages § 30a—Allegations of answer that mortgage was executed to avoid foreclosure of another mortgage held property stricken out.

Plaintiff *cestui que trust* instituted this action to foreclose two deeds of trust on two separate tracts of land executed by defendants. Defendants filed separate answers. Plaintiff moved to strike out the allegations of the answers that the second deed of trust on the home place was executed because of threats of plaintiff to foreclose the first deed of trust on the male defendant's business property, that at the time the male defendant was sick and disabled, and that defendants would not have executed the second deed of trust except for the threats, coercion, and duress of plaintiff, and the allegations in the male defendant's answer that since the institution of the action the male defendant had received an offer for the business property greatly in excess of any sums of money due plaintiff upon a proper accounting. *Held:* The motion to strike out was properly granted.

3. Pleadings § 10: Mortgages § 30h—Cross action for damages for wrongful appointment of receiver may not be set up in action to foreclose.

In this action to foreclose a deed of trust a receiver was appointed to hold the rents and profits from the property pending the sale in accordance with plaintiff's prayer. Defendant set up a cross action in his answer alleging that the appointment of the receiver was illegal and void, and resulted in damage to defendant in injuring him in his character, reputation, and financial standing. *Held:* The cross action was in tort for abuse of process and could not be set up in plaintiff's action to foreclose, and judgment sustaining plaintiff's demurrer to the cross action is without error.

APPEAL by defendants Fred I. Smathers and Rosamond L. Smathers from *Phillips, J.,* at Regular September Term, 1936, of BUNCOMBE. Affirmed.

The prayer of plaintiff indicates the action:

"(1) That judgment be rendered in this action adjudicating and determining the amount of the indebtedness now due and owing from the defendants Fred I. Smathers and Rosamond L. Smathers to the plaintiff in this action, and on account of the promissory notes and deeds of trust referred to in said complaint, and that said indebtedness be adjudicated and determined in the amount of $15,450, together with interest on all of said amount from 17 July, 1935, until paid.

"(2) That some discreet and proper person be appointed as receiver of this court, with full power and authority to take over, manage, handle, control, and rent said premises described in that deed of trust, dated 17 January, 1931, and to collect the rents and profits from said property and hold the same subject to the orders of this court.

"(3) That the two deeds of trust hereinbefore set forth be foreclosed by order of this court and that a sale be had of said properties for the purpose of barring and foreclosing all right, title, and interest of the defendants herein.

"(4) That some discreet and proper person be appointed as commissioner of this court, with full power and authority to advertise the land described in the two deeds of trust set forth in the complaint, together with the improvements located thereon for sale, and to sell the same to the last and highest bidder for cash, subject to the confirmation of this court; and out of the proceeds derived therefrom to pay the said indebtedness evidenced by the above referred to promissory notes and deeds of trust.

"(5) And for such and further relief as to the court may seem just and proper."

The defendants filed separate answers setting up certain defenses and counterclaim by Fred I. Smathers.

The judgment of the court below was as follows:

"This cause coming on to be heard upon motion of counsel for plaintiff to strike certain parts of the answer of Fred I. Smathers and to strike certain parts of the answer of Rosamond L. Smathers, and also being heard upon the demurrer of the plaintiff to the counterclaim of the defendant Fred I. Smathers, and as set up in the further answer, counterclaim, and defense as filed by the said Fred I. Smathers in answer to the complaint herein; and the court, after hearing argument of counsel on all of the above motions, and being of the opinion that certain portions of the answers, as above set forth, should be stricken out:

"Now therefore it is ordered, adjudged, and decreed that the following portion of said answer of Rosamond L. Smathers be stricken out: Paragraph 6, beginning on the third line of the second paragraph, on pages 22-23, as follows: 'That said agreement and deed of trust were obtained from her by threats and coercion of the plaintiff, for that at the time of the execution of said instrument, her husband and codefendant was sick and disabled. That he was conducting in the building located on the property mentioned and described in paragraph 4 of the plaintiff's complaint, a furniture business and the plaintiff was threatening to foreclose said deed of trust and to close up said business, which was the principal means of support of herself, her husband, and her family. Believing that the plaintiff would carry out said threats, thereby destroying said business, the defendant was induced to and did execute a deed

of trust on her home, which she would not have executed but for the threats, coercion, and duress of the plaintiff.'

"And it is further ordered that the following portions of the answer of Fred I. Smathers be stricken out: Paragraph 4, beginning with the second paragraph, two lines from the bottom of the first page of said answer, quoting as follows: 'Further answering said paragraph, defendant says that at the time of the execution of said agreement and deed of trust this defendant was sick and disabled, and by reason of the financial depression existing at that time and the consequent falling off in defendant's business, defendant was unable to pay the note mentioned and described in the plaintiff's complaint, and because of the persistent threats made by the plaintiff to foreclose the deed of trust securing said note, and thereby close and destroy defendant's business, which was and still is the main support of the defendant and his family.' Also, paragraph 4, on page 16, as follows: 'That since the institution of this action, the defendant has received from a thoroughly reliable and financially responsible business man in the city of Asheville an offer of purchase for said property at a price and in an amount greatly in excess of any and all sums of money which, upon a proper accounting, will be found to be due to the plaintiff, and defendant duly admitted said offer to the plaintiff, but plaintiff has declined and refused to accept said offer.'

"It is further ordered that the plaintiff have twenty days from this date in which to file reply to the further answer and defense of the defendants. The court, after hearing argument of counsel for both plaintiff and defendants on the demurrer, and after said argument the court being of the opinion that said demurrer should be sustained:

"Now therefore it is ordered, adjudged, and decreed that the demurrer of the plaintiff filed herein to the counterclaim of Fred I. Smathers and as set forth in his further answer, defense, and counterclaim, is hereby sustained and said cause of action, predicated upon said counterclaim, is hereby dismissed. This the ........ day of September, 1936.

F. DONALD PHILLIPS, *Judge Presiding.*"

The defendants excepted, assigned errors, and appealed to the Supreme Court.

The assignments of error are as follows: "(1) For that the court erred in striking from the answer of the defendant Rosamond L. Smathers that part of paragraph 6 thereof beginning on the third line of the second paragraph on pages 22-3, as quoted in the judgment of the court. (2) For that the court erred in striking from the answer of Fred I. Smathers those portions of paragraph 4 thereof, as are quoted in the judgment of the court. (3) For that the court erred in sustaining the demurrer of the plaintiff to the counterclaim set out in the answer of the defendant Fred I. Smathers."

*Harkins, Van Winkle & Walton for plaintiff.*
*Alfred S. Barnard for defendants.*

CLARKSON, J. The defendants contend: "(1) Did the court err in striking as irrelevant and immaterial the allegations in the answers of the defendants, as shown by the court's order?" We think not.

N. C. Code, 1935 (Michie), section 537, is as follows: "If irrelevant or redundant matter is inserted in a pleading, it may be stricken out on motion of any person aggrieved thereby, but this motion must be made before answer or demurrer, or before an extension of time to plead is granted. When the allegations of a pleading are so indefinite or uncertain that the precise nature of the charge or defense is not apparent, the court may require the pleading to be made definite and certain by amendment."

In *Revis v. Asheville,* 207 N. C., 237 (240), speaking to the subject, it is written: " 'If irrelevant or redundant matter is inserted in a pleading, it may be stricken out on motion of any person aggrieved thereby . . .' C. S., sec. 537. Under this statute the Superior Court is authorized in the exercise of its discretion to strike from a pleading any allegations of purely evidential and probative facts. *Commissioners v. Piercy,* 72 N. C., 181. In McIntosh N. C. Prac. and Proc., we find the following: 'Allegations which set forth evidential . . . matters . . . would be considered irrelevant, . . . and excessive fullness of detail . . . would be redundant.' Sec. 371, p. 378; and further: 'The material, essential, or ultimate facts upon which the right of action is based should be stated, and not collateral or evidential facts, which are only to be used to establish the ultimate facts. The plaintiff is to obtain relief only according to the allegations in his complaint, and therefore he should allege all of the material facts, and not the evidence to prove them. . . .' Sec. 379, p. 388." *Pemberton v. Greensboro,* 205 N. C., 599 (600); *Woodley v. Combs,* 210 N. C., 482 (485); *Poovey v. Hickory,* 210 N. C., 630.

Under section 537, *supra,* ordinarily irrelevant or redundant matter inserted in the pleading may be stricken out on motion of any person aggrieved thereby, but this is largely in the sound discretion of the court below.

In the present cause the defendants, no doubt aggrieved at the fact that unfortunately they have. been unable to meet their obligations to plaintiff—the plaintiff pressing them for payment—the defendants in their allegations "threw a little mud" at their antagonists, as noted from the language used. The court below ordered them stricken from the pleadings, and in this we can see no prejudicial error to defendants.

The defendants contend: "(2) Did the court err in sustaining plaintiff's demurrer to the counterclaim set up by the defendant Fred I. Smathers?" We think not.

The defendant Fred I. Smathers, by way of counterclaim, alleged "That the appointment of said receiver was illegal and void, and was a gross abuse of the civil process of the court, all of which the plaintiff and its attorney well knew, or should have known. That the appointment of said receiver caused the plaintiff great embarrassment and distress, and otherwise injured him in his character, reputation, and financial standing, all to his damages in the sum of $25,000." This and prior allegations, no doubt, means an abuse of process.

Black's Law Dictionary (3rd ed.), p. 18, defines "Abuse of Process"— "There is said to be an abuse of process when an adversary, through the malicious and unfounded use of some regular legal proceeding, obtains some advantage over his opponent. Wharton. A malicious abuse of legal process occurs where the party employs it for some unlawful object not the purpose which it is intended by the law to effect; in other words, a perversion of it."

This counterclaim is a tort action. We do not think, under our most liberal and elastic code practice, it can be set up in the present action. If defendant has a cause of action in tort for abuse of process, he must bring a separate action. *Weiner v. Style Shop,* 210 N. C., 705, and cases cited.

For the reasons given, the judgment of the court below is

Affirmed.