PETE CHASON v. JESSIE MARLEY AND LENA MARLEY.

(Filed 15 December, 1943.)

**1. Pleadings § 3a—**

The meaning of C. S., 506, is that the complaint shall contain the material, essential, and ultimate facts upon which the right of action is based, and not collateral or evidential facts, which are only to be used to prove and establish the ultimate facts.

**2. Pleadings § 29: Specific Performance § 4—**

In a suit for the specific performance of a contract to convey land, where the complaint alleges in detail a large number of receipts from defendant to plaintiff. constituting written memoranda of the contract to convey, signed by defendant. there was error in allowing a motion to strike such allegations.

**3. Same—**

Allegations of a complaint, in a suit for specific performance. detailing large numbers of payments and other matters wholly evidential or repetitious, are properly stricken on motion.

APPEAL by plaintiff from *Johnson, Special Judge,* at August Term, 1943, of ROBESON. Modified and affirmed.

Civil action for specific performance of a contract to convey land, heard on motion to strike allegations in the complaint.

In allegations (1) to (5), inclusive, plaintiff alleges the material, essential, and ultimate facts upon which his cause of action is based. In paragraph (6) he alleges that the defendants accepted payments upon the contract of sale "and executed and delivered to this plaintiff receipts and memorandums, in writing, with respect thereto as follows:" He then lists in detail twenty-three receipts for "principal and interest."

Having alleged in paragraph (5) that he has "paid to the defendants upon the installments upon the aforesaid purchase price of the said lands, together with the interest thereon, and has likewise paid to the defendants the taxes annually levied and assessed against the same, and insurance premiums upon the insurance upon the buildings situated thereon, as will more fully appear hereafter, and has at all times promptly and fully complied with and carried out the terms of the aforesaid contract and agreement on his part," in paragraphs (7) to (15), inclusive, he undertakes to allege in detail the checks paid on installments, insurance premiums and taxes paid, and other evidence relied upon by him to support the allegation that he has in all respects complied with said contract.

In paragraph (17) he alleges his legal right to a decree of specific performance.

The defendants, after answering, appeared and moved to strike paragraphs (6) to (15), inclusive, and paragraph (17). The motion to strike was allowed, and plaintiff excepted and appealed.

*F. D. Hackett, Jr., and Varser, McIntyre & Henry for the plaintiff, appellant.*

*Robert H. Dye for the defendants, appellees.*

BARNHILL, J. The oft-repeated pertinent provision of C. S., 506, is: "The complaint must contain—(2) a plain and concise statement of the facts constituting a cause of action, without unnecessary repetition; and each material allegation must be distinctly numbered."

This means that the material, essential, and ultimate facts upon which the right of action is based should be stated, and not collateral or evidential facts, which are only to be used to establish the ultimate facts. The plaintiff should allege all the material facts, the ultimate facts which constitute the cause of action—but not the evidence to prove them. McIntosh P. & P., 389, sec. 379; *Winders v. Hill,* 141 N. C., 694, 54 S. E., 440; *Sams v. Price,* 119 N. C., 572, 26 S. E., 170; *Revis v. Asheville,* 207 N. C., 237, 176 S. E., 738; *Hosiery Mill v. Hosiery Mills,* 198 N. C., 596, 152 S. E., 794. With few exceptions, only the facts to which the pertinent legal or equitable principles of law are to be applied are to be stated in the complaint. McIntosh P. & P., 388, sec. 379;

*Moore v. Hobbs,* 79 N. C., 535; *Webb v. Hicks,* 116 N. C., 598, 21 S. E., 672; *Lassiter v. Roper,* 114 N. C., 17, 18 S. E., 946; *Crump v. Mims,* 64 N. C., 767; *Insurance Co. v. Smathers,* 211 N. C., 373, 190 S. E., 484; *Woodley v. Combs,* 210 N. C., 482, 187 S. E., 762; *Poovey v. Hickory,* 210 N. C., 630, 188 S. E., 78.

When a complaint is drawn in accord with the statute and states a cause of action, evidence of the facts alleged is admissible. It does not follow that it is either necessary or proper to allege any and every fact evidence of which will be competent at the hearing.

Measured by these principles of law, we are constrained to hold that the complaint contains many immaterial and redundant allegations which were properly stricken.

Apparently, the careful and painstaking judge below was inadvertent to the language in paragraph (6) which alleges that the checks listed constitute memoranda of the contract to convey. A written memorandum of the contract to convey, signed by the parties sought to be charged, is essential to plaintiff's cause of action. *Lewis v. Murray,* 177 N. C., 17, 97 S. E., 750; *Burriss v. Starr,* 165 N. C., 657, 81 S. E., 929; *Smith v. Joyce,* 214 N. C., 602, 200 S. E., 431. He may allege such as one of the ultimate facts relied upon. This he undertakes to do. The allegation should not be stricken.

This was a motion to strike and not a demurrer. Hence the sufficiency of the instruments alleged in this paragraph as memoranda in writing is not challenged. That is a question to be decided at the hearing.

Paragraph (17) is an allegation of law and fact. In so far as it alleges that the plaintiff is ready, able, and willing to comply with his contract it is repetitious. From the striking of this paragraph plaintiff suffers no harm.

The answer of the defendants is of record. The admissions therein, as they may be explained by the allegations in the complaint, are still available to plaintiff. The order striking allegations in the complaint does not render such allegations incompetent as evidence in explanation of admissions made in the answer.

The judgment below must be modified in accordance with this opinion.

Modified and affirmed.