R. A. CHAMBERS v. REDEVELOPMENT COMMISSION OF HIGH POINT
No. 68SC201

(Filed 18 September 1968)

1. Appeal and Error §§ 42, 45—  questions in brief not presented by record

Questions set forth in appellant's brief which are not presented by the record will not be decided by the Court of Appeals.

2. Eminent Domain § 9;   Pleadings § 26—  demurrer — failure to allege ultimate facts

Demurrer of defendant municipal redevelopment commission is properly sustained where the complaint merely alleges that under the applicable laws and regulations of the Department of Housing and Urban Development plaintiff is entitled to a displacement payment of $2,500 from defendant, the material, essential and ultimate facts upon which plaintiff's cause of action is based not being properly alleged.

APPEAL by plaintiff from *Crissman, J.*, 25 March 1968 Session of GUILFORD Superior Court, High Point Division.

The allegations in plaintiff's complaint are:

"1.   That the Plaintiff is a citizen and resident of the State of Florida.

2.   That the Defendant is a body corporate and politic, a Redevelopment Commission duly created, organized, existing and having the rights, powers, and authorities conferred by Article 37, Chapter 160 of the General Statutes of North Carolina, including the power of eminent domain, and has its principal office in the City of High Point, North Carolina.

3.   That pursuant to and in compliance with applicable law, it has been heretofore determined that a certain area within the City of High Point was a blighted area, a redevelopment plan for said area was adopted by the City Council of High Point

and the Defendant is now engaged in carrying out and effecting said redevelopment plan within the said area; that included within the said area is the property known as the Elwood Hotel property located at the Southeast corner of South Main Street and East High Street.

4. That the Plaintiff was the Lessee of the said Elwood Hotel property, having entered into a Lease for the same dated November 8, 1949, and expiring February 28, 1980; that under the terms of the said Lease, he operated the Elwood Hotel on the said premises until the 30th day of March, 1966, at which time he was displaced.

5. That under the applicable laws and the regulations of the Department of Housing and Urban Development, the Plaintiff is entitled to a displacement payment of Twenty-five Hundred Dollars ($2,500.00); that he has applied to the Defendant for the said payment but the same has been denied and refused.

WHEREFORE, your Plaintiff prays the Court that he have and recover of the Defendant, the sum of Twenty-five Hundred Dollars ($2,500) together with the costs of this action, including reasonable attorneys' fees to be set and allowed by the Court in its discretion and for such other relief as may be just and proper."

Defendant filed a demurrer to the complaint in which it is asserted:

"(1) The plaintiff's purported cause of action is based upon the provisions of 42 U.S.C. 1465 (b), which provides in pertinent part as follows:

'A local public agency may pay to any displaced business concern or nonprofit organization —

•   •   •

(2) an additional $2,500 in the case of a private business concern with average annual net earnings of less than $10,000 per year which (A) was doing business in a location in the urban renewal area on the date of local approval of the urban renewal plan (or of acquisition of real property under the third sentence of section 1452 (a) of this title), (B) is displaced on or after January 27, 1964, and (C) is not part of an enterprise having establishments outside the urban renewal area.'

(2) Determination of eligibility for the payment permitted under 42 U.S.C. 1465 (b) (2) is made under and pursuant to

regulations established by the Secretary of Housing and Urban Development (formerly known as 'Housing and Home Finance Administrator') as authorized by the provisions of 42 U.S.C. 1465 (e), which provides in pertinent part as follows:

'The Administrator is authorized to establish such rules and regulations as he may deem appropriate in carrying out the provisions of this section and may provide in any contract with a local public agency, or in regulations promulgated by the Administrator, that determinations of any duly designated officer or agency as to eligibility for and the amount of relocation assistance authorized by this section shall be final and conclusive for any purposes and not subject to redetermination by any court or any other officer.'

(3)  Under and pursuant to the foregoing authority of 42 U.S.C. 1465 (e), regulations were promulgated and adopted as to the way and manner whereby eligibility for displacement payments shall be determined, which regulations provide in pertinent part as follows (Relocation Payment Regulations Sect. 3.104 (c)):

'Action on claim — finality. The Agency is initially responsible for determining the eligibility of a claim for, and the amount of, a relocation payment and shall maintain in its files complete and proper documentation supporting the determination. The determination on each claim shall be made or approved either by the governing body of the Agency or by the principal executive officer of the Agency or his duly authorized designee. The determination, or any redetermination by any duly designated officer or agency, shall be final and conclusive for any purposes and not subject to redetermination by any court or any other officer.'

(4)  The Complaint fails to state facts sufficient to establish or from which an inference arises that plaintiff's eligibility for a displacement payment has been affirmatively determined by the Revelopment (sic) Commission of High Point, the Agency to which reference is made in the foregoing regulations. Therefore the Complaint fails to establish plaintiff's right to or eligibility for the payment claimed and fails to state facts sufficient to constitute a cause of action."

Upon the hearing on the demurrer, the judge sustained the demurrer and ordered "that the plaintiff shall have thirty (30) days after the rendition of this judgment within which to move for leave to amend the Complaint." The defendant did not object or except to

this order of the Court dated 4 April 1968. The plaintiff in apt time objected and excepted thereto and appealed to the Court of Appeals.

*Morgan, Byerly, Post & Keziah by David M. Watkins for plaintiff appellant.*

*Haworth, Riggs, Kuhn & Haworth by John Haworth for defendant appellee.*

MALLARD, C.J.

In the record on appeal plaintiff makes only two assignments of error on two exceptions; (1) the action of the trial court in sustaining the demurrer of the defendant, and (2) the action of the trial court in the signing of the order in this matter sustaining the demurrer of the defendant.

In plaintiff's brief he asserts that the questions presented are:

"I. Does plaintiff's displaced business, by meeting all requirements set forth in 42 U.S.C. 1465(b), have a right to receive the displacement benefits provided for in said section without having previously been declared eligible to receive same by the Redevelopment Commission of High Point?

II. Has Congress made an unconstitutional delegation of the judicial function in 42 U.S.C. 1465(e) to an administrative body, i.e., Redevelopment Commission of the City of High Point?"

The plaintiff argues the foregoing questions in his brief and cites authority for his position. However, neither of these questions are presented on this record, and they are not decided.

Plaintiff in his brief also refers to the exceptions upon which he bases the assignments of error set out in the record on appeal. The only question presented on this appeal is whether the demurrer of the defendant should have been sustained on the grounds set out therein that the complaint does not state facts sufficient to constitute a cause of action. G.S. 1-127.

In the case of *Gillispie v. Service Stores*, 258 N.C. 487, 128 S.E. 2d 762, Bobbitt, J., speaking for the Court, said:

"A complaint must contain '(a) plain and concise statement of the facts constituting a cause of action . . .' G.S. 1-122. 'The cardinal requirement of this statute . . . is that the facts constituting a cause of action, rather than the conclusions of the pleader, must be set out in the complaint, so as to disclose the issuable facts determinative of the plaintiff's right to relief.'

*Shives v. Sample,* 238 N.C. 724, 79 S.E. 2d 193. The cause of action consists of the facts alleged. *Lassiter v. R. R.,* 136 N.C. 89, 48 S.E. 642; *Skipper v. Cheatham,* 249 N.C. 706, 709, 107 S.E. 2d 625; *Wyatt v. Equipment Co.,* 253 N.C. 355, 361, 117 S.E. 2d 21. The statutory requirement is that a complaint must allege the material, essential and ultimate facts upon which plaintiff's right of action is based. *Chason v. Marley,* 223 N.C. 738, 28 S.E. 2d 223, and cases cited. 'The law is presumed to be known, but the facts to which the law is to be applied are not known until properly presented by the pleading and established by evidence.' McIntosh, North Carolina Practice and Procedure, § 379.

. . .

When a complaint alleges defendant is indebted to plaintiff in a certain amount and such debt is due, but does not allege in what manner or for what cause defendant became indebted to plaintiff, it is demurrable for failure to state facts sufficient to constitute a cause of action. *Moore v. Hobbs,* 79 N.C. 535; *Griggs v. Griggs,* 213 N.C. 624, 627, 197 S.E. 165."

Applying the above principles of law to this case, we hold that the complaint does not state facts sufficient to constitute a cause of action, and the trial court acted properly in sustaining the demurrer.

The order sustaining the demurrer gave the plaintiff thirty days "within which to move for leave to amend the complaint." The defendant does not except to the order and does not complain thereof but on the contrary, asserts in its brief that it was proper and should be affirmed. The plaintiff has not moved to amend the complaint and is not at this time aggrieved by the order.

With commendable frankness, the plaintiff's attorney on the oral argument admits in substance that the material, essential and ultimate facts upon which the plaintiff's cause of action is based are not properly alleged.

The judgment sustaining the demurrer is affirmed. If so advised, the plaintiff may move to amend. G.S. 1-131.

Affirmed.

CAMPBELL and MORRIS, JJ., concur.