HUBERT M. HOWELL, T/A HOWELL OIL COMPANY v.
HERBERT SMITH, T/A ATLANTIC BLOCK COMPANY.

(Filed 21 November 1962.)

1. **Contracts § 12—**

A contract between parties is their mutual agreement as ascertained by the reasonable meaning of their words and acts; and the undisclosed intent on the part of one of them alone is immaterial in the absence of mistake, fraud, and the like.

2. **Contracts § 14; Corporations § 12— Evidence held for jury on question whether individual defendant contracted for purchase of goods.**

The evidence disclosed that plaintiff had been selling his products to a customer, that the person in charge of the customer's business ad-

vised plaintiff's agent that he was selling the business and introduced the agent to defendant as the person purchasing the business, that defendant stated he was changing the name of the business, but that he saw no reason why the purchase of plaintiff's products should not continue, and on the same day plaintiff's agent delivered products with invoice addressed to the new name of the business and that defendant signed same under the printed words "received goods," and that neither at that time nor in later negotiations in regard to the size of the unpaid balance did defendant disclose that he intended purchasing the products as agent of the corporate purchaser of the business. *Held:* In an action against defendant individually the evidence is sufficient to be submitted to the jury on the issue of whether the products were sold and delivered by plaintiff pursuant to an express contract between plaintiff and defendant.

**3. Pleadings §§ 10, 28—**

Plaintiff's recovery must be based on the cause of action alleged in the complaint unaffected by allegations of the reply, since a reply is solely a defensive pleading.

**4. Contracts § 26;    Evidence § 27—**

The mutual agreement of the parties is the contract and the unexpressed intention of either in entering into the agreement is immaterial, and therefore evidence of the unexpressed intent of one party alone is properly excluded.

APPEAL by plaintiff from *Bundy, J.,* January 29, 1962, Term of WAYNE.

Plaintiff's action is to recover from Herbert Smith, individually, the sum of $2,054.13 (with interest), alleged to be the balance defendant owes plaintiff for various petroleum products sold and delivered by plaintiff to defendant "under an express contract."

Answering, defendant denied plaintiff's said allegations. For a further defense, defendant alleged that Atlantic Block Company was a corporation and plaintiff had knowledge of this fact; that defendant was an officer of the corporation but assumed no personal liability for its debts; and that plaintiff's sole remedy was against the corporation.

In addition to complaint and answer, plaintiff filed (1) a reply and (2) an amended reply, and defendant filed an answer to plaintiff's amended reply.

Evidence was offered by both plaintiff and defendant. At the close of all the evidence, the court, allowing defendant's motion therefor, entered judgment of involuntary nonsuit. Plaintiff excepted and appealed.

*Sasser & Duke and Joseph H. Davis for plaintiff appellant.*
*James N. Smith for defendant appellee.*

BOBBITT, J.   The record shows plaintiff offered in evidence "a verified statement of account with seven ledger sheets attached, there appearing at the top of each ledger sheet the name 'Atlantic Block Company' and the said ledger sheets showing numerous charges and credits and an alleged balance due of $2,054.13." The verified statement is not set forth in the record. It is noted: The complaint alleges merchandise was sold and delivered from August, 1957, through June, 1960. There was evidence the first sale and delivery was made April 5, 1957.

Evidence offered by plaintiff tends to show:

Prior to April 5, 1957, plaintiff, through B. G. Combs, its tank wagon salesman, had sold and delivered petroleum products to Atlantic Building Block Company. Mr. A. J. Marlow was in charge of the business conducted under the name of Atlantic Building Block Company.

On April 5, 1957, at the place where the business of Atlantic Building Block Company had been conducted, Mr. Marlow introduced Combs to defendant (Herbert Smith) and stated that "he (Marlow) was selling out the business to Mr. Smith." In a conversation with defendant, Combs told Smith he "would be glad to continue to furnish him with his petroleum products," and defendant replied that "he saw no reason why we couldn't continue on as we were." Defendant also stated that "he was changing the name of the business from 'Atlantic Building Block Company' to 'Atlantic Block Company.'"

On April 5, 1957, Combs delivered 160 gallons of gas to said place of business. The invoice therefor was addressed to "Atlantic Block Co." The signature of defendant, "Herbert H. Smith," appears thereon under the printed words, "Received Goods." Subsequent to April 5, 1957, Combs made numerous deliveries to said place of business on a "keep filled" basis. Defendant was present "upon a number of occasions." Defendant "had men helping him and was telling them what to do." In the absence of defendant, who resided in Duplin County, "Mr. Maready was manager  at the plant for Mr. Smith so far as (Combs) knew." After April 5, 1957, defendant signed some delivery tickets and "his employees signed the rest of them." Payments on account were made by checks bearing the signature, "Herbert H. Smith" under the printed words "Atlantic Block Co.," or the signature of Mr. Maready.

Combs did not ask defendant whether "the business was incorporated." Nor did defendant state that "he was contracting for petroleum products in any capacity."

Herbert H. Howell, manager of Howell Oil Company, testified: "During the spring and summer of 1958, I saw Mr. Smith two or three

times. I mentioned to him that the account was getting quite large and was not being cut down. I suggested he give us notes to secure the account, and he said he would think about it. Later he told me he wouldn't give me the notes because he thought he was planning to sell the business. I asked him if he sold the business would he have enough to pay what he owed us. He said he did not know, and I got real worried and started this."

Nothing was stated by defendant to Combs or to Howell to the effect Atlantic Block Company was a corporation and that defendant was acting as an officer or agent thereof. Nor does the evidence, except as stated above, disclose any particulars as to dealings as between plaintiff and Atlantic Building Block Company prior to April 5, 1957.

Evidence favorable to defendant is not pertinent to decision on this appeal and hence is not set forth.

"A contract, express or implied, executed or executory, results from the concurrence of minds of two or more persons, and its legal consequences are not dependent upon the impressions or understandings of one alone of the parties to it. It is not what either thinks, but what both agree." *Prince v. McRae,* 84 N.C. 674; *Overall Co. v. Holmes,* 186 N.C. 428, 119 S.E. 817, and cases cited; *Jackson v. Bobbitt,* 253 N.C. 670, 677, 117 S.E. 2d 806.

"The apparent mutual assent of the parties, essential to the formation of a contract, must be gathered from the language employed by them. The undisclosed intention is immaterial in the absence of mistake, fraud, and the like, and the law imputes to a person an intention corresponding to the reasonable meaning of his words and acts. It judges of his intention by his outward expressions and excludes all questions in regard to his unexpressed intention. If his words or acts, judged by a reasonable standard, manifest an intention to agree in regard to the matter in question, that agreement is established, and it is immaterial what may be the real but unexpressed state of his mind on the subject, as mental assent to the promises in a contract is not essential." 17 C.J.S., Contracts § 32. "The question whether a contract has been made must be determined from a consideration of the expressed intention of the parties—that is, from a consideration of their words and acts." 12 Am. Jur., Contracts § 19. ". . . the test of the true interpretation of an offer or acceptance is not what the party making it thought it meant or intended it to mean, but what a reasonable person in the position of the parties would have thought it meant." Williston on Contracts, Third Edition, Vol. 1, § 94.

In the light of these legal principles, we are of opinion, and so decide, that the evidence, when considered in the light most favorable to plaintiff, was sufficient to require submission for jury determination

· the issue as to whether petroleum products referred to in the complaint were sold and delivered by plaintiff to defendant pursuant to an express contract entered into between plaintiff and defendant on April 5, 1957.

With reference to the personal liability of a person who contracts as agent for an undisclosed principal, see *Walston v. Whitley & Co.*, 226 N.C. 537, 540, 39 S.E. 2d 375, and cases cited; *Rounsaville v. Insurance Co.*, 138 N.C. 191, 50 S.E. 619; 3 Am. Jur. 2d, Agency §§ 307-309; 3 C.J.S., Agency § 216.

It is noted that plaintiff's recovery, if any, must be on the cause of action alleged *in the complaint.* "A reply is a defensive pleading." *Nix v. English,* 254 N.C. 414, 420, 119 S.E. 2d 220, and cases cited.

While unnecessary to present decision, it seems appropriate that we consider the assignments of error directed to the court's exclusion of proffered testimony of Combs and of (Herbert H.) Howell to the effect that each *intended* to do business with Herbert H. Smith, individually, as owner of Atlantic Block Company. This evidence was properly excluded. As indicated above, the subjective (unexpressed) intention of either party to the alleged contract is immaterial. Cases cited by plaintiff, where the intention of a person is a material fact to be proved in the determination of issues raised by the pleadings have no bearing upon the present factual situation.

The judgment of involuntary nonsuit is reversed.

Reversed.