SQUARE D COMPANY v. C. J. KERN CONTRACTORS, INC. AND SIX ASSOCIATES, INC.

No. 530A84

(Filed 5 September 1985)

1. **Corporations § 22; Seals § 1— corporate seal on contract—no sealed instrument**

It was not error for the trial court to conclude as a matter of law that a contract to which a corporate seal had been affixed was not a contract under seal and thus governed by the ten-year statute of limitations of G.S. 1-47(2) where the body of the contract contained no language indicating that the parties intended the contract to be a sealed instrument, or specialty, there was no extrinsic evidence indicating that the parties intended the instrument to be a specialty, and the uncontradicted affidavit of defendant corporation's president stated that the parties never discussed whether the contract was intended to be a sealed instrument.

2. **Architects § 3; Limitation of Actions § 4.2— action against designers and builders—constitutionality of statute of limitations**

The statute of limitations set forth in G.S. 1-50(5) (1983) for actions against designers and builders of improvements to realty does not violate the open courts provision of Art. I, § 18 of the N. C. Constitution or the equal protection clauses of the U. S. and N. C. Constitutions.

Justice MARTIN dissenting in part.

Justice BILLINGS did not participate in the consideration or decision of this case.

APPEAL by plaintiff pursuant to G.S. 7A-30(2) from a decision of the Court of Appeals, 70 N.C. App. 30, 318 S.E. 2d 527 (1984), affirming summary judgment for defendants entered on 7 January 1983 by *Lewis, J.*, during the 13 December 1982 Civil Session of Superior Court, BUNCOMBE County.

*Long, Howell, Parker & Payne, P.A., by Ronald K. Payne and Mary E. Arrowood, for plaintiff-appellant.*

*Brooks, Pierce, McLendon, Humphrey & Leonard, by James T. Williams, Jr., and Reid L. Phillips; and Roberts, Cogburn, Mc-Lure & Williams, by Isaac N. Northup, Jr., for defendant-appellee, C. J. Kern Contractors, Inc.*

*Kennedy, Covington, Lobdell & Hickman, by F. Fincher Jarrell, for defendant-appellee, Six Associates, Inc.*

FRYE, Justice.

Two basic issues are presented to this Court on plaintiff's appeal. The first issue is whether it was erroneous for the trial judge, under the facts of this case, to conclude as a matter of law that a contract to which a corporate seal had been affixed is not a contract under seal, and thus not governed by the ten-year statute of limitations contained within G.S. 1-47(2). The second issue is whether G.S. 1-50(5) and G.S. 1-15(c) are unconstitutional because they violate the open courts provision of our state constitution and also the equal protection clauses of the state and federal constitutions. Our answer to both issues is no.

On 16 March 1982, plaintiff filed a complaint against both defendants, alleging that defendant C. J. Kern Contractors, Inc., (Kern), had breached a contract to construct an addition to a building on land owned by plaintiff and located in Asheville, North Carolina; that Kern had negligently constructed an exterior masonry wall in the addition; and that defendant Six Associates, Inc. (Six Associates), the architects for the addition, had breached their contract with plaintiffs by deviating from contract specifications and had negligently designed and inspected the wall constructed by Kern.

Both defendants filed Rule 12(b)(6) motions to dismiss pursuant to the North Carolina Rules of Civil Procedure, stating that plaintiff's "action is barred by the applicable statute of limita-

tions." In response to certain requests for admissions filed by defendants, plaintiff stated that more than six years had passed since the work had been completed on or about 1 January 1974 and that the acts and omissions complained of by plaintiff had occurred more than six years prior to the institution of plaintiff's action. An affidavit was filed on behalf of defendant Kern stating that the corporate seal of Kern was attached to the contract entered into by defendant Kern and plaintiff for the purpose of indicating that the execution of the contract was duly authorized by the corporation and to confirm the fact that the corporation was the party to the contract.

The matter was heard before the Honorable Robert D. Lewis, Superior Court Judge presiding over the 13 December 1982 Civil Session of Superior Court, Buncombe County. During the hearing on the motions to dismiss, which were converted to motions for summary judgment upon stipulation of the parties, plaintiff filed a reply to defendant Six Associates' motion to dismiss arguing that if the statute of limitations contained in G.S. 1-15(c) did apply to plaintiff's claims and barred plaintiff's action against either of the defendants, such statute would be unconstitutional because it violates the open courts provision of the North Carolina constitution and the equal protection clause of the fourteenth amendment of the federal constitution. On 7 January 1983, the court entered two orders allowing both defendants' motions for summary judgment. Plaintiff excepted to entry of judgment in favor of defendants and gave timely notice of appeal. The Court of Appeals affirmed the trial court's entry of summary judgment in favor of defendants. From that decision, plaintiff appeals as a matter of right to this Court. N.C. Gen. Stat. § 7A-30(2).

I.

[1] Plaintiff's only argument with regard to defendant Kern is that the Court of Appeals should not have affirmed the trial court's entry of summary judgment in favor of defendant Kern because the contract sued upon was a contract under seal governed by the ten-year statute of limitations contained within G.S. 1-47(2) (1969) and plaintiff's action had been commenced within this ten-year period. Plaintiff's stance is that the contract entered into with defendant Kern is a contract under seal because defendant Kern's corporate seal is affixed to the contract. If the contract

were determined to be a "sealed instrument," it would come within the purview of the ten-year statute of limitations contained in G.S. 1-47(2) which provides:

Within ten years

. . . .

(2) Upon a sealed instrument against the principal thereto.

If G.S. 1-47(2) were applicable to plaintiff's action against defendant Kern, then plaintiff's action would not be barred until ten years after the cause of action had accrued. *Coleman v. Fuller*, 105 N.C. 328, 11 S.E. 175 (1890). Plaintiff's cause of action against defendant Kern would have accrued when defendant Kern breached the contract with plaintiff. This breach by defendant could only have occurred at some point after plaintiff and defendant Kern entered into the contract on 16 March 1972. Plaintiff filed its complaint on 16 March 1982, a date plaintiff contends was within ten years after the earliest possible date for accrual of plaintiff's cause of action. Therefore, plaintiff vigorously urges this Court to conclude that the question of whether the parties' contract was a sealed instrument was one for the jury and should not have been decided as a matter of law by the trial judge. We disagree with plaintiff.

"The seal of a corporation is not in itself conclusive of an intent to make a specialty [sealed instrument]." 18 Am. Jur. 2d, Corporations § 158, at 693 (1965). Furthermore, the determination of whether an instrument is a sealed instrument, commonly referred to as a specialty, is a question for the court. *Security National Bank v. Educator's Mutual Life Insurance Company*, 265 N.C. 86, 143 S.E. 2d 270 (1965). The question for the court on defendant's motion for summary judgment then was whether, based on the undisputed facts, the corporate seal impressed on the contract by defendant Kern transformed the contract into a specialty.

Although the corporate seal was impressed on the contract, we do not consider such a symbol, without more, sufficient to convert the contract into a specialty. In *Mayor & Council of Federalsburg v. Allied Contractors, Inc.*, 275 Md. 151, 338 A. 2d 275, *cert. denied*, 423 U.S. 1017 (1975), the highest court in Maryland was also confronted with the issue of whether the impression of a corporate seal on a contract would transform the contract into a

specialty, so that a longer statute of limitations would be applicable to plaintiff's action. As in the present case, the appellant in that case argued that the impression of a corporate seal on a contract entered into with appellee converted the instrument into a specialty. The Maryland Court of Appeals responded to appellant's argument, citing the applicable law, as follows:

> The law in Maryland . . . requires more than the mere affixing of the corporate seal to transform a would-be simple contract into one under seal. Indeed . . . if a corporate seal is impressed on an agreement it will remain a simple contract unless either the body of the contract itself indicates that the parties intended to establish an agreement under seal, or sufficient extrinsic evidence, in the nature of 'how and when and under what circumstances the corporate seal was affixed,' *General Petroleum Corp. v. Seaboard Terminals Corp., supra* at 139, establishes that the parties desired to create a specialty. In *Seaboard* Judge Chesnut in discussing the Maryland law applicable to seals stated:
>
> . . . .
>
> '[W]ith respect to a contract executed by a *corporation*, the mere presence of its seal on the paper without any other reference therein to the seal, does not *necessarily* make the contract a specialty, because it is possible the corporate seal was impressed merely as prima facie evidence of corporate authority for the execution of the paper; and in that case extrinsic evidence is admissible to show whether the use of the seal was intended to make the paper a specialty or merely as evidence of its authorized execution, or that it was in fact used without authority.'

*Id.* at 155-56, 338 A. 2d at 279 (citation omitted) (emphasis in original).

The court then concluded:

> In this case it is undisputed that the only seal attached to this document is Allied's corporate seal; no reference to a seal is made in the body of the instrument; and no extrinsic evidence was presented to prove that the town, through adoption of the other party's seal or otherwise, intended the contract, at least as to itself, to operate as a specialty. Thus,

as the contract in this case is a simple one, for this suit to have been timely against the appellant, if not the appellee, it had to have been filed within the three-year period of limitations mandated by § 5-101 of the Courts Article.

*Id.* at 157, 338 A. 2d 279-80; *see also Levin v. Friedman*, 271 Md. 438, 317 A. 2d 831 (1974).

We are persuaded by that court's reasoning and are convinced that the law set forth in that case is correct and should be applied in the case *sub judice*. In applying the foregoing principles of law to the instant case, the question to be answered in order to determine whether the corporate seal transforms the party's contract into a specialty is whether the body of the contract contains any language that indicates that the parties intended that the instrument be a specialty or whether extrinsic evidence would demonstrate such an intention. The evidence in this case does not establish an intention on the part of the parties to create a specialty. The contract contains no language in the body which would indicate that the parties intended the contract to be a specialty. There is no language such as "I have hereunto set my hand and seal," "witness our hands and seals," or other similar phrases contained within the contract that would explicitly support plaintiff's assertion that the instrument is a specialty under seal. *See* 68 Am. Jur. 2d, Seals § 3-4 (1973). Neither is there any extrinsic evidence that would indicate the parties intended the instrument to be a specialty. According to the uncontradicted affidavit of Mr. Kern, President of defendant corporation, the parties never discussed whether the contract was intended to be a sealed instrument. Plaintiff offered no forecast of evidence to dispute this affidavit.

Therefore, absent any evidence that would tend to indicate that the parties intended that the contract was to be a sealed instrument, we conclude, as did the court in *Mayor & Council of Federalsburg*, that the contract in this case was not a specialty and that the ten-year period of limitation contained within G.S. 1-47(2) would be inapplicable to plaintiff's action. Our conclusion is in accord with the reasoning of the majority of the panel of the Court of Appeals in the instant case, which relied on a recent decision of the Court of Appeals, *Blue Cross and Blue Shield v. Odell Associates*, 61 N.C. App. 350, 301 S.E. 2d 459, *cert. denied*,

309 N.C. 319, 306 S.E. 2d 791 (1983). In that case the Court of Appeals stated: "Because routine use of a corporate seal is merely to demonstrate authority to execute a document, the mere presence of a corporate seal, without more, does not convert the document into a specialty." *Id.* at 362. The court then held that the trial court correctly granted summary judgment in favor of the corporate defendant because the evidence showed no intention to create a specialty. We agree with the court below that the instant case is indistinguishable from *Blue Cross and Blue Shield.* Thus, we agree with the Court of Appeals that plaintiff's argument is without merit and that the trial court correctly ruled as a matter of law in favor of defendant.

Defendant Kern also argues that counts one and two in plaintiff's complaint were properly dismissed because they were compulsory counterclaims in a previous action between plaintiff and defendant. As did the Court of Appeals, we choose not to discuss this issue since plaintiff's action against defendant is effectively barred by the statute of limitations.

II.

[2]   Next, plaintiff contends that the Court of Appeals erred in deciding that the trial court properly granted defendant Six Associates' motion for summary judgment because G.S. 1-15(c) (1981) and G.S. 1-50(5) (1983) are unconstitutional. Plaintiff poses a two-prong constitutional attack on these statutes, arguing that they violate the open courts provision contained in Article I, Section 18, of the North Carolina Constitution and also violate the equal protection clauses under both the United States and North Carolina Constitutions. We reject these arguments.

The Court of Appeals held that G.S. 1-50(5) is the applicable statute of limitations to be applied in this case, although defendant Six Associates contends that G.S. 1-15(c) should be the appropriate period of limitation. Regardless of which statute is chosen, plaintiff's action against defendant Six Associates would be barred. However, we agree with the Court of Appeals for the reasons advanced by that court that the appropriate period of limitation is G.S. 1-50(5).

This Court in *Lamb v. Wedgewood South Corp.,* 308 N.C. 419, 302 S.E. 2d 868 (1983) rejected substantially the same constitu-

tional attack upon the 1963 version of G.S. 1-50(5).[1] *See also Tetterton v. Long Manufacturing Co.,* 314 N.C. 44, 332 S.E. 2d 67 (1985). For the same reasons adopted by this Court in *Lamb,* we reject plaintiff's constitutional arguments.

Accordingly, the decision of the Court of Appeals is affirmed.

Affirmed.

Justice BILLINGS did not participate in the consideration or decision of this case.

Justice MARTIN dissenting in part.

I concur in the majority opinion with respect to the defendant Six Associates, Inc. Because I firmly believe that there is a factual question as to whether the contract with the defendant C. J. Kern Contractors, Inc. was under seal, I dissent from the holding of the majority opinion in favor of that defendant.

This is an appeal from entry of summary judgment against plaintiff. If there is a genuine issue of material fact, summary judgment cannot be allowed. *Moore v. Fieldcrest Mills, Inc.,* 296 N.C. 467, 251 S.E. 2d 419 (1979). The contract in this case was prepared on a form of the American Institute of Architects. It recited that the contract was between Square D Company, as owner, and C. J. Kern Contractors, Inc., as contractor. It contains no reference to C. J. Kern individually or personally. The contract was executed by C. J. Kern Contractors, Inc., by C. J. Kern, President, and the corporate seal affixed.

This contract would have been valid without the affixing of the corporate seal. A corporation is not required to use its corporate seal except in those instances when an individual is required to use his seal. *Mortgage Corp. v. Morgan,* 208 N.C. 743, 182 S.E. 450 (1935); *Warren v. Bottling Co.,* 204 N.C. 288, 168 S.E. 226 (1933). In fact, Square D Company, a corporation, did not use its corporate seal in executing the contract. Defendant's use of its corporate seal was optional and not required to make the contract valid.

---

1. In *Black v. Littlejohn,* 312 N.C. 626, 325 S.E. 2d 469 (1985), this Court rejected a constitutional attack, similar to that of plaintiff's, against G.S. 1-15(c).

A seal appearing upon an instrument in the place where the seal belongs will, in the absence of proof otherwise, be valid as a seal. *Bank v. Insurance Co.*, 265 N.C. 86, 143 S.E. 2d 270 (1965). The appearance of the seal on the subject contract is prima facie evidence of its effect as a seal. Whether the parties intended it to make the contract one under seal, a specialty, is a question for the jury. *Id.* This Court has not adopted the "extrinsic evidence" rule relied upon by the majority. Rather, the rule in North Carolina is that the use of a seal is prima facie evidence that it has the effect of a seal. *Bank v. Insurance Co.*, 265 N.C. 86, 143 S.E. 2d 270.

The construction of a contract cannot be controlled by the uncommunicated intent of one of the parties. Such undisclosed intent is immaterial in the absence of fraud or mistake. *Howell v. Smith*, 258 N.C. 150, 128 S.E. 2d 144 (1962). It is not what either thinks, but what both agree. *Prince v. McRae*, 84 N.C. 674 (1881). It is the mutual intent of the parties that controls. *Croom v. Lumber Co.*, 182 N.C. 217, 108 S.E. 735 (1921).

The "after the fact" affidavit of C. J. Kern as to *his* intent is certainly irrelevant to the issue. The "intent" of his company was never communicated to plaintiff or agreed to by plaintiff. Therefore, it is irrelevant and immaterial on the question of the effect of the use of the corporate seal. *Howell v. Smith*, 258 N.C. 150, 128 S.E. 2d 144. The trial court erred in its reliance upon the Kern affidavit. There being no competent evidence to the contrary, plaintiff has at least made out a jury case on the issue of whether the contract was a specialty under seal.

The majority's reliance upon *Blue Cross and Blue Shield v. Odell Associates*, 61 N.C. App. 350, 301 S.E. 2d 459, *cert. denied*, 309 N.C. 319 (1983), is misplaced. *Blue Cross* is contrary to *Bank v. Insurance Co.*, 265 N.C. 86, 143 S.E. 2d 270, and the cases cited therein. In *Blue Cross* the Court of Appeals failed to recognize and discuss the prima facie rule applied by this Court in *Bank* and the cited authorities. So does the majority here.

To follow *Blue Cross* would allow a corporation to pick and choose from the instruments it executes with its corporate seal those that it desires to treat as being under seal. Such rule places individuals at a decided disadvantage in dealing with corporations. Because corporations are only required to use their cor-

porate seals to the same extent as individuals use their seals, the use of the seal by corporations and individuals should have the same legal effect.

The contract here was not required to be under seal; the seal was not required to show that the contract was the act of the corporation and not Kern individually. Nevertheless, the defendant saw fit to affix its corporate seal. Under the prior authorities of this Court, this constitutes presumptive evidence that the contract was under seal. This is sufficient to survive the motion for summary judgment.