DUNES SOUTH HOMEOWNERS ASSOCIATION, INC. v. FIRST FLIGHT BUILDERS, INC.

No. 3A95

(Filed 28 July 1995)

1. **Housing, and Housing Authorities and Projects § 74 (NCI4th)— time-share condominium—developer not exempted from maintenance expenses**

   A Supplemental Declaration of Covenants and Restrictions filed by defendant time-share developer was ineffective to exempt it from paying maintenance assessments where defendant had previously executed and recorded a declaration of unit ownership, which submitted the project to Chapter 47A of the General Statutes. Defendant was thus bound under N.C.G.S. § 47A-12 to contribute pro rata toward the expenses of administration and maintenance of the common areas and, in light of the purposes behind Chapter 47A and the language of N.C.G.S.

§ 47A-12, the legislature did not intend to allow a developer, as a unit owner, to unilaterally exempt itself from the payment of its pro rata share of the maintenance expenses for the common areas.

**Am Jur 2d, Condominiums and Co-operative Apartments § 34.**

2. **Seals § 1 (NCI4th)— condominium declaration of covenants—statute of limitations for maintenance assessments—document under seal**

A Court of Appeals holding that a portion of plaintiff's claimed condominium maintenance assessment was time barred through application of the three-year statute of limitations for actions based on contract was reversed because the Declaration of Covenants constituted an instrument under seal subject to the ten-year statute of limitations contained in N.C.G.S. § 1-47(2). While technically not a deed, the Declaration did affect an interest in land, and in certain areas of the law, an instrument under seal is required. Furthermore, the terms of the declaration indicate an intent that it be an instrument under seal.

**Am Jur 2d, Seals § 2.**

Appeal by plaintiff pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 117 N.C. App. 360, 451 S.E.2d 636 (1994), vacating an order granting plaintiff's motion for summary judgment entered by Watts, J., at the 27 November 1993 Civil Session of Superior Court, Dare County. Discretionary review of an additional issue allowed by the Supreme Court on 9 February 1995. Submitted on 11 May 1995 without oral argument, by motion of the parties, pursuant to Rule 30(d) of the North Carolina Rules of Appellate Procedure.

*Aycock, Spence & Butler, by Charlie Aycock and Betsy Butler, for plaintiff-appellant.*

*Defendant-appellee did not file a brief.*

*Michael F. Easley, Attorney General, by Thomas R. Miller, Special Deputy Attorney General; and Blackwell M. Brogden, Jr., Chief Deputy Legal Counsel, on behalf of the North Carolina Real Estate Commission, amicus curiae.*

**DUNES SOUTH HOMEOWNERS ASSN. v. FIRST FLIGHT BUILDERS**

[341 N.C. 125 (1995)]

FRYE, Justice.

Plaintiff presents two issues on this appeal: (1) whether defendant, the developer of a condominium project subject to the provisions of Chapter 47A of the North Carolina General Statutes as it existed in 1980,[1] may exempt itself from the payment of its pro rata share of maintenance assessments for units it owns; and (2) whether all or a portion of plaintiff's claim for assessments for the years 1986 through 1993 is barred by the statute of limitations. We conclude that the provisions of Chapter 47A of the General Statutes prohibit defendant from unilaterally exempting itself from the payment of its pro rata share of maintenance assessments. Furthermore, we conclude that no portion of plaintiff's claim is barred by the statute of limitations. Accordingly, we reverse the decision of the Court of Appeals and remand this case to that court for further remand to Superior Court, Dare County, for reinstatement of the order granting plaintiff's motion for summary judgment.

Dunes South is a condominium development in which units are sold by time-share weeks. Defendant is the original developer of the Dunes South project and at the time of the institution of this action owned a number of units within the development, some of which had been previously conveyed by defendant and later reacquired, as well as some which had not previously been conveyed by defendant. On 7 August 1980, in accordance with Chapter 47A of the North Carolina General Statutes, defendant filed the original "Declaration of Covenants and Restrictions" (Declaration). This Declaration provided that defendant, as well as other unit owners in the development, would pay annual, per-unit maintenance assessments to plaintiff homeowners association. The Declaration further provided that it could be amended at any time with approval of two-thirds of the membership in plaintiff homeowners association. Subsequently, on 21 January 1983, defendant, as holder of two-thirds of the votes in the association, filed a "Dunes South Supplemental Declaration of Covenants and Restrictions" (Supplemental Declaration). This Supplemental Declaration purported to exempt defendant from the obligation to pay annual per-unit maintenance assessments on units

1. In 1980, Chapter 47A of the General Statutes consisted only of Article I of the current Chapter 47A. Effective 1 January 1984, Chapter 47A was amended to include two articles. All references to Chapter 47A in this opinion pertain to the version in effect in 1980. We further note that the provisions of Chapter 47C of the General Statutes, rather than Chapter 47A, apply to all condominiums created within this State after 1 October 1986. N.C.G.S. § 47C-1-102 (1987).

"remaining unsold" and instead provided that defendant would pay for any operating expenses in excess of the per-unit assessments collected from other unit owners.

On 17 February 1993, plaintiff homeowners association filed this action for money judgment and to foreclose upon a lien for unpaid maintenance assessments on Dunes South units owned by defendant. In its answer, defendant did "not admit the validity of the liens claimed against such units for unpaid assessments nor the validity of the assessment amount." Plaintiff then filed a motion for summary judgment supported by an affidavit listing seventy-six units previously conveyed and then reacquired by defendant and setting out the amount of maintenance assessments allegedly owed by defendant on these units for the years 1986 through 1993. On 24 November 1993, defendant filed a motion for leave to amend its answer to allege that at least a portion of plaintiff's claim was barred by N.C.G.S. § 1-52(1), the three-year statute of limitations for filing an action based on contract. On that same day, Mr. Gerald Friedman, president of defendant corporation, filed an affidavit stating, in pertinent part:

> 5. Pursuant to the terms of the Supplemental Declaration of Covenants and Restrictions, First Flight Builders, Inc. was only responsible for the actual operating expenses incurred by plaintiff in excess of the collections of assessments on units within Dunes South and was not responsible for paying per unit annual assessments on unit[s] owned by First Flight Builders, Inc.

On 29 November 1993, the trial court entered an order allowing defendant to amend its answer. However, on 30 November 1993, Judge Watts entered an order allowing plaintiff's motion for summary judgment, from which defendant appealed.

The Court of Appeals vacated the trial court's order, concluding that summary judgment for plaintiff was improper since the term "remaining unsold" in the Supplemental Declaration was ambiguous and therefore created a question for the jury as to whether defendant was liable to plaintiff for the maintenance assessments on units previously conveyed and then reacquired by defendant. *Dunes South Homeowners Assn. v. First Flight Builders*, 117 N.C. App. 360, 368, 451 S.E.2d 636, 640-41 (1994). In addition, the Court of Appeals held that plaintiff's claim for assessments for the years 1986 through 1990 was barred by the statute of limitations for actions based on contract, N.C.G.S. § 1-52(1) (1983). *Dunes South*, 117 N.C. App. at 366, 451 S.E.2d at 640. Judge Eagles dissented, concluding that the terms of

the Supplemental Declaration were not ambiguous and that the trial court properly granted plaintiff's motion for summary judgment as to those assessments not barred by the statute of limitations. *Id.* at 369, 451 S.E.2d at 641. Plaintiff appeals to this Court based on Judge Eagles' dissent. Additionally, plaintiff's petition for discretionary review as to an additional issue was allowed by this Court on 9 February 1995.

**[1]** Plaintiff first contends that the Court of Appeals erred in ignoring the provisions of Chapter 47A of the North Carolina General Statutes when it reversed the trial court's grant of summary judgment in plaintiff's favor. Plaintiff argues that under the provisions of Chapter 47A, more specifically N.C.G.S. § 47A-12, defendant developer was bound to contribute its pro rata share of the maintenance expenses for the common areas of the condominium project and was prohibited from unilaterally exempting itself from the payment of the maintenance assessments at issue in this case. Accordingly, plaintiff argues that, regardless of the language of the Supplemental Declaration, defendant is obligated to pay the maintenance assessments at issue here. We agree.

By executing and recording a declaration of unit ownership, defendant submitted its condominium project to the provisions of Chapter 47A of the General Statutes. N.C.G.S. §§ 47A-2, -4 (1976). N.C.G.S. § 47A-12 provides, in pertinent part:

The *unit owners are bound to contribute* pro rata, in the percentages computed according to G.S. 47A-6 of this Chapter, toward the expenses of administration and of maintenance and repair of the general common areas and facilities and, in proper cases of the limited common areas and facilities, of the building and toward any other expense lawfully agreed upon. *No unit owner may exempt himself from contributing toward such expense* by waiver of the use or enjoyment of the common areas and facilities or by abandonment of the unit belonging to him.

N.C.G.S. § 47A-12 (1976) (emphasis added). A "unit owner" is defined as "a person, corporation, partnership, association, trust or other legal entity, or any combination thereof, who owns a unit within the building." N.C.G.S. § 47A-3(14) (1976). Neither the definition of "unit owner" nor the provisions of N.C.G.S. § 47A-12 makes any distinction between a developer and any other unit owner. Defendant developer, as a corporation owning several units within the condominium project, qualified as a "unit owner" under section 47A-3(14). Thus,

defendant was "bound to contribute pro rata . . . toward the expenses of administration and of maintenance and repair of the general common areas and facilities." N.C.G.S. § 47A-12. Consistent with this statutory requirement, defendant covenanted, in its original Declaration, to pay annual, per-unit maintenance assessments for each unit it owned.

The crucial issue then becomes whether defendant may, through provisions in the Supplemental Declaration, exempt itself from its statutory obligation as a unit owner to pay its pro rata share of the maintenance expenses for common areas. Having submitted the project to the provisions of Chapter 47A, defendant's obligation, as a unit owner, to contribute its pro rata share of maintenance expenses derived not only from its Declaration, but also from the provisions of N.C.G.S. § 47A-12. Section 47A-12 is but one of several sections within Chapter 47A which evidence the legislature's intent to ensure the orderly, reliable and fair government of condominium projects and to protect each owner's interest in his or her own unit as well as the common areas and facilities. For example, N.C.G.S. § 47A-6(b) protects the unit owners' interests in the common areas, providing that the ratio of the undivided interest of each unit owner in the common areas shall have a permanent character and shall not be altered except with the unanimous consent of all unit owners expressed in an amended declaration. N.C.G.S. § 47A-6(b) (1976). Likewise, we believe that the provisions of section 47A-12 are designed to protect unit owners from shouldering a disproportionate share of the maintenance expenses for common areas when other unit owners, including the developer, attempt to unilaterally exempt themselves from contributing their pro rata share of maintenance expenses.

Section 47A-12 explicitly states that each unit owner is "*bound* to contribute" pro rata toward maintenance expenses for the common areas. N.C.G.S. § 47A-12 (emphasis added). In addition, this section also addresses two methods by which an individual unit owner might attempt to unilaterally exempt itself from paying its share of maintenance expenses, providing that "[n]o unit owner may exempt himself from contributing toward such expense by waiver of the use or enjoyment of the common areas and facilities or by abandonment of the unit belonging to him." *Id.* In light of the purposes behind Chapter 47A and the language of N.C.G.S. § 47A-12, we do not believe that the legislature intended to allow a developer, as a unit owner, to unilaterally exempt itself from the payment of its pro rata share of the maintenance expenses for the common areas. This is exactly what defend-

ant attempted to do. Accordingly, we conclude that the Supplemental Declaration filed by defendant in this case was ineffective to exempt it from paying the maintenance assessments at issue here.

**[2]** Having determined that defendant is obligated to pay its pro rata share of the common expenses, we must now determine what, if any, portion of defendant's obligation to plaintiff is barred by the statute of limitations. Plaintiff contends that the Court of Appeals erred in applying the three-year statute of limitations for actions based on contract contained in N.C.G.S. § 1-52(1) and in holding that the portion of plaintiff's claim for assessments due prior to 17 February 1990 was time-barred. Plaintiff argues that the Declaration containing defendant's covenant to pay maintenance assessments was an instrument under seal subject to the ten-year statute of limitations contained in N.C.G.S. § 1-47(2) and, therefore, that no portion of its claim was time-barred. We agree.

N.C.G.S. § 1-47(2) provides that an action upon a sealed instrument "against the principal thereto" must be commenced within ten years. N.C.G.S. § 1-47(2) (1983). Defendant, as the party executing and filing the Declaration here, qualifies as the "principal thereto." *Id.* Furthermore, there is no dispute that the corporate seal of defendant is impressed upon the Declaration at issue here. However, " 'the seal of a corporation is not in itself conclusive of an intent to make a specialty [sealed instrument].' " *Square D Co. v. C.J. Kern Contractors,* 314 N.C. 423, 426, 334 S.E.2d 63, 65 (1985) (quoting 18 Am. Jur. 2d *Corporations* § 158, at 693 (1965)). "[T]he determination of whether an instrument is a sealed instrument . . . is a question for the court." *Id.* (citing *Security Nat'l Bank v. Educator's Mut. Life Ins. Co.,* 265 N.C. 86, 143 S.E.2d 270 (1965)).

In *Square D Co.,* we considered whether the impression of a corporate seal on a construction contract would transform the contract into a specialty so that the ten-year statute of limitations under N.C.G.S. § 1-47(2) would apply. We stated that "the question to be answered in order to determine whether the corporate seal transforms the party's contract into a specialty is whether the body of the contract contains any language that indicates that the parties intended that the instrument be a specialty or whether extrinsic evidence would demonstrate such an intention." *Id.* at 428, 334 S.E.2d at 66. In concluding that the contract in that case did not evince any intention on the part of the parties to create a specialty, this Court stated that

**DUNES SOUTH HOMEOWNERS ASSN. v. FIRST FLIGHT BUILDERS**

[341 N.C. 125 (1995)]

[t]he contract contains no language in the body which would indicate that the parties intended the contract to be a specialty. There is no language such as "I have hereunto set my hand and seal," "witness our hands and seals," or other similar phrases contained within the contract that would explicitly support plaintiff's assertion that the instrument is a specialty under seal. *See* 68 Am. Jur. 2d, Seals § 3-4 (1973). Neither is there any extrinsic evidence that would indicate the parties intended the instrument to be a specialty.

*Id.* In the present case, the Court of Appeals, relying upon the above-quoted language and its own decision in *Blue Cross and Blue Shield v. Odell Associates,* 61 N.C. App. 350, 362, 301 S.E.2d 459, 465 ("routine use of a corporate seal is merely to demonstrate authority to execute a document, the mere presence of a corporate seal, without more, does not convert the document into a specialty"), *disc. rev. denied,* 309 N.C. 319, 306 S.E.2d 791 (1983), determined that because the Declaration in this case contained none of the specialty language mentioned, the Declaration amounted to a simple contract, rather than an instrument under seal.

We believe that the nature of the instrument involved here distinguishes this case from *Square D Co.* and *Blue Cross and Blue Shield.* The instruments involved in both of those cases were construction contracts. Here, however, the instrument in question is the "Declaration of Covenants and Restrictions" for the Dunes South condominium project, which contains several restrictive covenants, including defendant's covenant to pay annual, per-unit maintenance assessments. A restrictive covenant constitutes an interest in land in the nature of a negative easement. *Cummings v. Dosam, Inc.,* 273 N.C. 28, 159 S.E.2d 513 (1968). While technically not a deed, the Declaration in this case did affect an interest in land and, as the Court of Appeals noted in *Blue Cross and Blue Shield,* "[i]n certain areas of the law, an instrument under seal is required, e.g., a valid conveyance of land." *Blue Cross and Blue Shield,* 61 N.C. App. at 361, 301 S.E.2d at 465. Accordingly, we conclude that the Declaration at issue here, by its very nature, evidences an intention that it constitute an instrument under seal.

Furthermore, the terms of the Declaration indicate an intent that the Declaration be an instrument under seal. In addition to defendant's corporate seal affixed to the Declaration, there was also a notary acknowledgment contained in the Declaration which stated as follows:

This is to certify that on the 7th day of August 1980, before me personally came Gerald Friedman, with whom I am personally acquainted, who, being by me duly sworn, says that he is the President, and Nancy Friedman is the Secretary of FIRST FLIGHT BUILDERS, INC., the corporation described in and which executed the foregoing instrument; that he knows the common seal of said corporation; that the seal affixed to the foregoing instrument is said common seal, and the name of the corporation was subscribed thereto by the said President, and that said President and Secretary subscribed their names thereto, and said common seal was affixed, all by order of the Board of Directors of said corporation, and that the said instrument is the act and deed of said corporation.

In light of the nature of the Declaration, as well as its express terms, we conclude that the Declaration constituted an instrument under seal subject to the ten-year statute of limitations contained in N.C.G.S. § 1-47(2). Accordingly, we reverse the Court of Appeals' holding that the portion of plaintiff's claim for assessments due prior to 17 February 1990 was time-barred.

For the foregoing reasons, we reverse the decision of the Court of Appeals and remand this case to that court for further remand to Superior Court, Dare County, for reinstatement of the court's order granting plaintiff's motion for summary judgment.

REVERSED AND REMANDED.

Justice ORR did not participate in the consideration or decision of this case.